**Affirmed and Memorandum Opinion filed July 16, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00440-CR

## EX PARTE VIDAL ALEXANDER REYES

**On Appeal from the County Criminal Court at Law No. 10
Harris County, Texas
Trial Court Cause No. 1946698**

## M E M O R A N D U M   O P I N I O N

Appellant, Vidal Alexander Reyes, appeals the denial of his application for writ of habeas corpus on the ground he received ineffective assistance of counsel because plea counsel failed to advise him regarding the deportation consequences of his guilty plea. Because we conclude that appellant failed to prove prejudice from any deficient performance, we affirm.

### I. BACKGROUND

According to appellant, he is a native of El Salvador but a legal permanent resident of the United States and has lived in this country for more than twenty-

five years. In August 2010, appellant was charged with the Class B misdemeanor offense of possession of less than two ounces of marijuana, enhanced by a prior felony conviction for possession of cocaine and a prior misdemeanor conviction for possession of marijuana. In September 2010, pursuant to a plea agreement, appellant pleaded "guilty" to the charged offense and "true" to the enhancement allegation for the prior conviction for marijuana possession. Appellant was sentenced to thirty days in jail, credited with five days already served.

Appellant asserts that he has now been ordered deported because the conviction at issue made deportation mandatory. In February 2014, he filed an application for writ of habeas corpus, seeking to vacate the conviction on the ground his plea counsel was ineffective by failing to advise appellant that deportation would be mandatory. After a hearing, the habeas court signed a judgment denying the application and issued written findings of fact and conclusions of law.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

An applicant seeking post-conviction habeas corpus relief bears the burden to establish by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). On appellate review, we view the facts in the light most favorable to the habeas court's ruling and uphold the ruling absent abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). The habeas court is the original fact finder in a habeas proceeding. *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). We afford almost total deference to the habeas court's determination of the historical facts that are supported by the record, especially when the factual findings are based on an evaluation of witness

2

credibility and demeanor. *Peterson*, 117 S.W.3d at 819. We afford the same deference to the habeas court's application of law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *Id.* If resolution of the ultimate questions turns on application of legal standards, we review the decision *de novo*. *See id.*

The test for determining the validity of a guilty plea is whether it represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). The two-pronged *Strickland* test applies when a habeas applicant challenges a guilty plea based on ineffective assistance of counsel. *Ex Parte Luna*, 401 S.W.3d 329, 333 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The applicant must show by a preponderance of the evidence that (1) plea counsel's performance fell below the objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *see Luna*, 401 S.W.3d at 333.

In *Padilla v. Kentucky* (decided six months before appellant's guilty plea), the Supreme Court of the United States held that counsel must inform his client whether his plea carries a risk of deportation. 559 U.S. 356, 374 (2010). Counsel's performance is deficient under the first *Strickland* prong if counsel fails to advise a noncitizen client about deportation consequences that are "truly clear." *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Padilla*, 559 U.S. at 368–69; *Aguilar v. State*, 375 S.W.3d 518, 524 (Tex. App.—Houston [14th Dist.] 2012), *rev'd on other grounds*, 393 S.W.3d 787

(Tex. Crim. App. 2013)). Thus, plea counsel is deficient if he merely mentions the possibility of deportation when the relevant immigration provisions are presumptively mandatory. *Id.* (citing *Aguilar*, 375 S.W.3d at 524). However, a defendant complaining that plea counsel failed to advise him of such deportation consequences must also satisfy the second *Strickland* prong by proving prejudice. *See Strickland*, 466 U.S. at 697; *Luna*, 401 S.W.3d at 333.

## III. ANALYSIS

In four issues, appellant contends the habeas court erred by denying appellant's application. To summarize its findings of fact and conclusions of law, the court denied the application because appellant failed to establish (1) counsel's performance was deficient, or (2) appellant was prejudiced. In his first two issues, appellant challenges the finding that he failed to prove deficient performance. In his next two issues, he challenges the finding that he failed to establish prejudice.

We need not decide whether appellant established plea counsel's performance was deficient because we may uphold the habeas court's ruling on the ground that appellant failed to prove prejudice. *See Strickland*, 466 U.S. at 697; *Ex parte Murillo*, 389 S.W.3d 922, 927 (Tex. App.—Houston [14th Dist.] 2013, no pet), *abrogated on other grounds by Chaidez v. United States,* 568 U.S. —, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013); *Ex parte De Los Reyes,* 392 S.W.3d 675, 678–79 (Tex. Crim. App. 2013). We will assume solely for purposes of the prejudice analysis that deportation was mandatory for the reasons advanced by appellant and plea counsel failed to advise appellant of that consequence.[1]

---

[1] The crux of appellant's complaint regarding deficient performance is that *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), decided two months before his plea, established that the present misdemeanor conviction would be treated as an aggravated felony for immigration purposes due to the enhancement by either previous conviction. According to appellant, that status means deportation is mandatory and he may not pursue "cancellation" by presenting

4

Under the prejudice prong, the applicant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Harrington*, 310 S.W.3d at 458. This standard requires the applicant to demonstrate that a decision to reject the plea agreement would have been rational under the circumstances. *See Padilla*, 559 U.S. at 372; *Fassi*, 388 S.W.3d at 886–87. The test is objective, turning "'on what a reasonable person in the defendant's shoes would do.'" *Fassi*, 388 S.W.3d at 887 (quoting *United States v. Smith,* 844 F.2d 203, 209 (5th Cir. 1988) (per curiam)). The inquiry is made on a case-by-case basis, considering the circumstances surrounding the plea and the gravity of the alleged failure. *Murillo*, 389 S.W.3d at 928; *Fassi*, 388 S.W.3d at 887–88. Consistent with the abuse-of-discretion standard of review, we give deference to the habeas court's underlying historical fact determinations, but the ultimate question of prejudice under *Strickland* is reviewed *de novo*. *Fassi*, 388 S.W.3d at 887.

Our court has identified several factors to consider when reviewing a trial court's determination that a defendant would have pleaded guilty even if he had been properly advised of the immigration consequences: (1) the strength of the State's evidence of the defendant's guilt; (2) whether he had any factual or legal defenses to the charged offense; (3) whether the record reveals that his immigration status was his primary concern, as opposed to other concerns such as fear of incarceration or a desire for the case to simply be over; and (4) the benefits

---

mitigating circumstances. Appellant asserts counsel should have been aware of the import of *Carachuri* but failed to advise appellant that deportation is mandatory. The trial court's findings and conclusions suggest it determined deportation was not necessarily mandatory or the law, if any, mandating deportation was not "readily discernible" to counsel at the time of appellant's plea.

of the plea bargain compared to the penalties risked if he had opted to proceed to trial. *Murillo*, 389 S.W.3d at 928–31.

Initially, we note appellant testified he would have "fought" the case if he had been advised of the immigration consequences of his plea because he was innocent, had a steady job, and had long-term custody of his children. However, the habeas court found appellant's "testimony that he would not have plead [sic] guilty and would have proceeded to trial had he been admonished that he *would* be deported rather than that he *may* be deported was not credible." The habeas court, as judge of witness credibility, "was free to disbelieve appellant's self-serving testimony" that he would have proceeded to trial had he been properly advised of the immigration consequences of the plea. *See Fassi*, 388 S.W.3d at 888. Instead, the habeas court found appellant's motivation in pleading guilty "was to get out of jail, and that he would have made that decision regardless of any admonishment of immigration consequences." Applying the above-cited factors, the evidence supports the habeas court's conclusion, and appellant has not demonstrated it would have been rational to reject the plea agreement and proceed to trial.

## A. Strength of the State's case and whether appellant had any defenses

We will consider these factors together because they are interrelated in this case. The evidence reflects the State had a strong case. To establish unlawful possession of a controlled substance, the State must prove that the defendant (1) exercised actual care, control, or custody over the substance, and (2) knew the matter possessed was contraband. *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). At the habeas hearing, appellant acknowledged the following underlying facts: he was stopped by the police for a traffic offense while driving his car; and when the police asked if there was anything in the car they should know about, appellant replied that there was marijuana in the passenger door. This

6

testimony established appellant knew the marijuana was present, knew the nature of the substance, and, as driver, had control over the marijuana. Appellant's plea counsel, whom the habeas court expressly found to be credible, had forty years of criminal-law experience at the time of the habeas hearing and testified the State had a strong case against appellant.

At the hearing, appellant claimed he was innocent because he had just bought the car from a friend who left the marijuana inside. Although the habeas court found appellant was not credible regarding his claim he would have proceeded to trial, the court found appellant was credible relative to the facts of the underlying offense. However, even if appellant was truthful regarding his friend leaving the marijuana in the car, the evidence reflects that fact would not have provided an effective defense. Specifically, appellant admitted that the friend had called earlier in the day asking about the marijuana. This admission demonstrates appellant drove the car knowing the marijuana was present. Although appellant claimed his friend owned the marijuana, appellant also admitted he was not charged with "ownership" but rather "possession" and that he had possession of the marijuana.

Additionally, even if appellant was truthful regarding his friend leaving the marijuana in the car, the record contains evidence that appellant's primary motivation was getting out of jail as opposed to defending the case. Appellant claimed he asked plea counsel to contact the friend to acknowledge owning the marijuana. However, plea counsel testified that (1) appellant did not tell counsel he was innocent or request further investigation, (2) if appellant had said he was innocent, counsel would have reset the plea hearing and attempted to persuade the owner of the marijuana to appear, and (3) getting out of jail was appellant's primary concern, and the plea resulted in the minimum sentence. Again, the trial

7

court was free to believe counsel instead of appellant with respect to this conflicting testimony. On cross-examination, appellant admitted he took the plea to "get out" of jail, and the trial court found that testimony was credible.

Accordingly, these two factors weigh against a finding of prejudice by showing appellant faced a substantial likelihood of conviction if he had proceeded to trial and did not insist that he had any defenses to pursue.

## B. Whether immigration status was appellant's primary concern

At the habeas hearing, appellant attempted to characterize the immigration consequences of the plea as his primary concern. However, there is no evidence that before entering the plea, appellant expressed to anyone that deportation consequences were a concern. Moreover, before entering the plea, appellant signed a form acknowledging, *inter alia*: "if I am not a citizen of the United States my plea of guilty/*nolo contendere* may result in my deportation, exclusion from admission to this country, or denial of naturalization under federal law . . . ." Plea counsel testified that (1) he went over the form with appellant, (2) the particular trial judge who took the plea always gave admonishments there may be immigration consequences, (3) counsel would have requested a reset if appellant had asked to consult with an immigration attorney, and (4) appellant did not do so because again getting out of jail was his primary concern. We do not hold that the form, counsel's explanation thereof, or trial court admonishments sufficed as advice from counsel that deportation is mandatory with respect to the first *Strickland* prong. But, pertinent to the prejudice prong, that evidence at least indicates appellant knew there may be immigration consequences of the plea yet he was more concerned with avoiding a lengthier jail term.

Finally, at the habeas hearing, appellant acknowledged he was advised by counsel and the trial court regarding immigration consequences when he pleaded

8

guilty to four of his prior separate offenses—three for possession of marijuana and one for assault on a family member—yet he chose to enter those pleas because he wanted to get out of jail and provide for his family.[2]  Again, we do not hold that such advice or admonishments sufficed as the requisite advice by counsel concerning the present plea.  However, appellant's previous decisions are again relevant to the prejudice prong by reinforcing that appellant has consistently placed staying out of jail as paramount to the immigration consequences of his pleas.

## C.    Consequences of plea versus risks of proceeding to trial

This factor also supports that appellant would not have risked a trial even if he had known of the immigration consequences of the plea.  Based on either enhancement allegation (possession of cocaine or possession of marijuana), appellant's punishment range for the present offense was a minimum of 30 days and a maximum of 180 days in jail, plus a fine not to exceed $2,000.  *See* Tex. Penal Code Ann. §§ 12.22, 12.43(b) (West 2011).  Due to the plea bargain and credit for time served, appellant was released from jail in less than thirty days.[3]  It is a rational inference that, if appellant had proceeded to trial, he bore a significant risk of receiving the maximum punishment because of his multiple prior convictions for drug possession.  *See Delgado v. State,* 235 S.W.3d 244, 252 (Tex. Crim. App. 2007) (citing Tex. Code Crim. Proc. art. 37.07, § 3(a)(1), when stating that, during punishment phase, defendant's prior criminal record may be offered for any relevant purpose, including proof of his character or propensity).  Appellant's allegation that deportation is mandatory because of his guilty plea

---

[2] Appellant had more prior convictions than the two that were the basis for the enhancement paragraphs in the present case.

[3] The judgment shows appellant received credit for five days served.  Plea counsel testified the plea bargain included a "two-for-one" credit for those five days, but his testimony is not exactly clear on how many days were credited.  Regardless, the total served was less than thirty days.

would be equally applicable if he had been convicted after a trial. Consequently, if appellant had proceeded to trial, there would have been a substantial likelihood of a longer jail term than he actually served, plus deportation.

In summary, all of the relevant factors weigh in favor of the trial court's conclusion that appellant would have pleaded guilty even if he had known that such plea would result in mandatory deportation. *See Fassi*, 388 S.W.3d at 887–90 (upholding habeas court's finding of no prejudice from any failure of counsel to advise defendant regarding deportation consequences of guilty plea for marijuana possession resulting in deferred adjudication where he faced certain conviction, confinement for six months, and same deportation consequences if he had proceeded to trial, and there was no evidence he ever expressed concern about immigration consequences before entering his plea). Because appellant failed to establish prejudice from any deficient performance of plea counsel, the trial court did not err by denying the habeas application. Accordingly, we overrule appellant's third and fourth issues and need not consider his first two issues.

We affirm the habeas court's judgment.

/s/ John Donovan
   Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).